IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT D. HAUGHIE                    :

    Petitioner                    :

v                                    :            Civil Action No. WDQ-13-3664

STATE OF MARYLAND                    :

    Respondent                    :

o0o
MEMORANDUM

The above-styled Petition for Writ of Habeas Corpus was filed on December 2, 2013,

together with a Motion to Proceed In Forma Pauperis, Motion for Appointment of Counsel, and

Motion for Teleconference. Because he appears to be indigent, Petitioner's Motion to Proceed In

Forma Pauperis shall be granted. Petitioner's Motion for Appointment of Counsel shall be

denied as the Petition must be dismissed for the reasons set forth below. Petitioner's Motion for

Teleconference shall be denied in part and granted in part.[1]

The Petition for Writ of Habeas Corpus is filed pursuant to 28 U.S.C. § 2254 and alleges

error in Petitioner's 1982 conviction for first degree rape, assault with intent to murder, and

possession of a deadly weapon. ECF No. 1. This is the fourth occasion Petitioner has filed a

Petition for Writ of Habeas Corpus regarding this conviction. *See Haughie v. Sacchett*, Civil

Action AW-97-2460 (D. Md. 1997), *Haughie v. State of Maryland*, Civil Action AW-99-379 (D.

Md. 1999), and *Haughie v. Sowers*, Civil Action AW-06-1956 (D. Md. 2006).

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus

---

[1]  Petitioner requests a teleconference regarding the merits of his Petition and states he has received no legal mail
since April 10, 2010, due to a policy in place at Eastern Correctional Institution (ECI) "partially reading legal mail"
and confiscating the envelopes for incoming legal mail. ECF No. 4. The Court is aware that Petitioner refuses
acceptance of legal mail based on his objection to this policy, therefore, copies of this Memorandum and the
accompanying Order shall be faxed to the number provided by Petitioner in his motion to insure he receives notice
of this decision.

petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). The pending application is a successive one. Before this Court may consider the merits in the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to consider the Petitioner's application for habeas corpus relief. *See* §2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner has failed to demonstrate that a Certificate of Appealability is warranted in this case, therefore, it shall not issue.

A separate Order follows.

$\frac{12/13/13}{\text{Date}}$

William D. Quarles, Jr.
United States District Judge